## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| **MASSACHUSETTS BAY INSURANCE COMPANY and THE HANOVER INSURANCE COMPANY** ) ) ) ) ) ) ) | |
| **Plaintiffs,** ) ) | **CIVIL ACTION** |
| **v.** ) ) | **NO. _____** |
| **ARCADIA ARCHITECTURAL PRODUCTS, INC., ARCADIA, INC., and ASSOCIATION OF APARTMENT OWNERS OF POIPU POINT** ) ) ) ) ) ) | |
| ) | **DECEMBER 18, 2019** |
| **Defendants.** ) ) | |

## COMPLAINT

Massachusetts Bay Insurance Company and The Hanover Insurance Company, plaintiffs, by and through their undersigned attorneys, for their complaint herein, allege as to defendants Arcadia Architectural Products, Inc., Arcadia, Inc., and Association of Apartment Owners of Poipu Point as follows:

### PARTIES

1. At all times relevant hereto, Massachusetts Bay Insurance Company was an insurance company organized under the laws of the State of New Hampshire with a principal place of business located at 440 Lincoln Street, Worcester, Massachusetts.

1

2. At all times relevant hereto, The Hanover Insurance Company was an insurance company organized under the laws of the State of New Hampshire with a principal place of business located at 440 Lincoln Street, Worcester, Massachusetts.

3. At all times relevant hereto, Arcadia Architectural Products, Inc. was a corporation organized under the laws of the State of Connecticut with a principal place of business located at 58-60 Bonner Street in Stamford, Connecticut.

4. At all times relevant hereto, Arcadia, Inc. was a corporation organized under the laws of the State of California with a principal place of business located at 2301 East Vernon Avenue in Vernon, California.

5. At all times relevant hereto, Association of Apartment Owners of Poipu Point was a nonprofit corporation organized under the laws of the State of Hawaii composed of owners of condominium units operating as a common interest development located at 1613 Pe'e Road, Koloa, Hawaii.

6. Association of Apartment Owners of Poipu Point is a defendant in this action pursuant to Federal Rule of Civil Procedure 19(a)(1)(B)(i).

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (a) (1) because the plaintiffs and defendants are citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs.

2

8. Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in Connecticut in that the subject contract was negotiated and executed in Connecticut.

## STATEMENT OF FACTS

9. In 2012, the Association of Apartment Owners of Poipu Point (hereinafter "Poipu Point"). and other parties entered into an agreement for the renovation of a condominium on the southern coast of Kauai, including the purchase and installation of new sliding glass windows throughout seven buildings located near the shoreline (hereinafter "Project").

10. Arcadia Architectural Products, Inc. manufactured and supplied windows for the Project.

11. The windows had been installed in the buildings as of January 31, 2013.

12. On August 8, 2013, corrosion on the windows was observed and recorded by Poipu Point's lead consultant for the Project (Building Envelope Technology & Research, Inc.).

13. The windows continued to corrode thereafter.

14. Sometime in 2015, Arcadia, Inc. and/or Arcadia Architectural Products, Inc., proposed a remediation plan with respect to the corroded windows.

15. The proposed remediation plan was unsuccessful.

16. The window units were not in the possession of Arcadia Architectural Products, Inc. when the corrosion occurred.

17. The window units were not in the possession of Arcadia, Inc. when the corrosion occurred.

3

18. As of the time the corrosion on the windows occurred, the windows had been completely installed in the buildings at the Project site.

19. In February, 2018, Poipu Point commenced suit against Arcadia, Inc., Layton Construction Corporation, Inc., Shioi Construction, Inc., Honsador Lumber, LLC, WE Painting, Inc., and Doe Defendants 1-10, alleging liability for, *inter alia*, property damage arising out of the alleged failures of the windows manufactured by Arcadia Architectural Products, Inc. in the Circuit Court of the First Circuit in the State of Hawaii, bearing civil action number 18-1-0229-02 BIA (hereinafter "Underlying Action").

20. In the Underlying Action, Poipu Point alleges the following causes of action against Arcadia, Inc.: Breach of Contract, Breach of Express Warranty, Breach of Implied Warranty, Negligence, Strict Liability for Manufacturer Design and Fabrication Defect, and Promissory fraud.

21. All of the causes of action referenced in paragraph 18 arise from Arcadia Architectural Products, Inc.'s manufacture and supply of the window units which were installed on site at the Project.

22. Poipu Point further alleges in the Underlying Action that it has been damaged due to the costs it has incurred for the repair and replacement of the windows, testing and investigations of such defective materials with respect to the windows, repair of damage to other parts of the properties caused by the defective materials and workmanship with respect to the windows.

## COUNT I – DECLARATORY JUDGMENT (MASSACHUSETTS BAY INSURANCE COMPANY AS TO DEFENDANTS ARCADIA ARCHITECTURAL PRODUCTS, INC. & ARCADIA INC. RE: 2012 POLICY)

4

23. Massachusetts Bay Insurance Company issued a policy of insurance to

Arcadia Architectural Products Inc. bearing policy number ZDE 8895718 02

(hereinafter "2012 Policy") with an effective policy period from 10/9/2012 to

10/9/2013.  A true and accurate copy of the 2012 Policy is attached hereto as

Exhibit A.

24. The 2012 Policy was negotiated and executed in Connecticut

25. The 2012 Policy provides, in relevant part, the following:


COMMERCIAL GENERAL LIABILITY COVERAGE FORM

…
SECTION I- COVERAGES

COVERAGE A BODILY INJURY AND PROERTY DAMAGE
1.  Insuring Agreement

a. We will pay those sums that the insured becomes legally
obligated to pay as damages because of…"property
damage" to which this insurance applies.

…
b. This insurance applies to … "property damage" only if:

(1) The… "property damage" is caused by an "occurrence"
that takes place in the "coverage territory";

(2) The… "property damage occurs during the policy period;
and

(3) Prior to the policy period, no insured listed under
Paragraph 1. Of Section II-Who Is An Insured and no
"employee" authorized by you to give or receive notice of an
"occurrence" or claim, knew that the… "property damage"
had occurred, in whole or in part.  If such a listed insured or
authorized "employee" knew, prior to the policy period, that
the…. "property damage" had occurred, then any
continuation, change or resumption of such … "property
damage" during or after the policy period will be deemed to
have been known prior to the policy period.

…
2. Exclusions

This insurance does not apply to:

…

5

l. Damage to Your Work

"Property Damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damages work or the work out of which the damage arises was performed on your behalf by a subcontractor.

…

SECTION II- WHO IS AN INSURED

1. If you are designated in the Declarations as:

…

d. An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive offices" and directors are insureds, but only with respect to their duties as your offices or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

…

2. Each of the following is also an insured:

a. Your… "employees"

…

3. An organization you newly acquire or form, other than a partnership, joint venture or limited liability company, and over which you maintain ownership or majority interests, will qualify as a Named Insured if there is no other similar insurance available to that organization…

…

SECTION V- DEFINITIONS

…

13. "occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

…

16. "Products-completed operations hazard":

a. Includes all "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

(1) Products that are still in your physical possession or

(2) Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

(a) When all of the work called for in your contract has been completed.

(b) When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

6

(c) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

…

17. "property damage" means:

a. physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

…

21. "Your product":

a. means:

(1) any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

(a) you;

(b) others trading under your name; or

…

b. includes:

(1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

(2) The providing of or failure to provide warnings or instructions.

…

22. "Your work":

a. Means

(1) Work or operations performed by you or on your behalf; and

(2) Materials, parts or equipment furnished in connection with such work or operations.

b. Includes:

(1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

(2) The providing of or failure to provide warnings or instructions.

***

7

## COMMERCIAL GENERAL LIABILITY SPECIAL BROADENING ENDORSEMENT

…

16. Product Recall Expense

(1) Under Section I - Coverage A, paragraph 2 Exclusions, n. is replaced in its entirety by the following:

n. Recall of Products, Work or Impaired Property
Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

(1) "Your product";

(2) "Your work"; or

(3) "Impaired property";

if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it, but this exclusion does not apply to "product recall expenses" that you incur for the "covered recall" of "your product". The exception to the exclusion does not apply to "Product recall expenses" resulting from:

(1) Failure of any products to accomplish their intended purpose;

(2) Breach of warranties of fitness, quality, durability or performance;

(3) Loss of customer approval, or any cost incurred to regain customer approval;

(4) Redistribution or replacement of "your product" which has been recalled by like products or substitutes;

(5) Caprice or whim of the insured;

(6) A condition likely to cause loss of which any insured knew or had reason to know at the inception of this insurance;

(7) Asbestos, including loss, damage or clean up resulting from asbestos or asbestos containing materials;

(8) Recall of "your products" that have no known or suspected defect solely because a known or suspected defect in another of "your products" has been found.

26. None of the allegations against Arcadia, Inc. with respect to the windows

manufactured by Arcadia Architectural Products, Inc., alleged by Poipu Point

in the Underlying Suit constitute an "occurrence" as that term is defined by the 2012 Policy.

27. The damages alleged by Poipu Point with respect to the windows constitute "property damage" as that term is defined by the 2012 Policy.

28. The damages alleged by Poipu Point with respect to the windows arise out of Arcadia Architectural Products, Inc.'s work or operations.

29. The damages alleged by Poipu Point with respect to the windows arise out of loss, cost or expense in connection with the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of Arcadia Architectural Product, Inc.'s product or work.

30. The damages alleged by Poipu Point with respect to the windows arise out of loss, cost or expense in connection with the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of Impaired Property as that term is defined by the 2012 Policy.

31. Arcadia, Inc. is not identified as a named insured under the 2012 Policy.

32. Arcadia, Inc. does not qualify as an insured under the 2012 Policy.

33. Massachusetts Bay Insurance Company has no obligation under the 2012 Policy to defend Arcadia Inc. with respect to the Underlying Lawsuit.

34. Massachusetts Bay Insurance Company has no obligation under the 2012 Policy to indemnify Arcadia, Inc. with respect to the Underlying Lawsuit.

35. Massachusetts Bay Insurance Company has no obligation under the 2012 Policy to defend Arcadia Architectural Products, Inc. with respect to claims

9

against it arising out of the manufacture and supply of window units at the

Project, including the Underlying Lawsuit.

36. Massachusetts Bay Insurance Company has no obligation under the 2012

Policy to indemnify Arcadia Architectural Products, Inc. with respect to claims

against it arising out of the manufacture and supply of window units at the

Project, including the Underlying Lawsuit.

## COUNT II – DECLARATORY JUDGMENT (THE HANOVER INSURANCE COMPANY AS TO DEFENDANTS ARCADIA ARCHITECTURAL PRODUCTS, INC. & ARCADIA INC. RE: 2012 UMBRELLA POLICY)

37. The Hanover Insurance Company issued a policy of insurance to Arcadia

Architectural Products Inc. bearing policy number UHE 8883449 02

(hereinafter "2012 Umbrella Policy") with an effective policy period from

10/9/2012 to 10/9/2013.  A true and accurate copy of the Policy is attached

hereto as Exhibit A.

38. The 2012 Umbrella Policy was negotiated and executed in Connecticut

39. The 2012 Umbrella Policy provides, in relevant part:

> COMMERCIAL LIABILITY UMBRELLA COVERAGE FORM
> …
>
> SECTION I – COVERAGES
> COVERAGE A – BODILY INJURY AND PROPERTY
> DAMAGE LIABILITY
> 1. Insuring Agreement
> a. We will pay on behalf of the insured the "ultimate net loss" in
> excess of the "retained limit" because of "bodily injury" or "property
> damage" to which this insurance applies.
> …

10

b. This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(2) The "bodily injury" or "property damage" occurs during the policy period; and

(3) Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

…

d. "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

…

(3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

…

2. Exclusions

This insurance does not apply to:

…

n. Damage To Your Product "Property damage" to "your product" arising out of it or any part of it.

o. Damage To Your Work

"Property damage" to "your work" arising out of it or any part of it and included in the "products completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

p. Damage To Impaired Property Or Property Not Physically Injured "Property damage" to "impaired property" or property that has not been physically injured, arising out of:

11

(1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or
(2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

q. Recall Of Products, Work Or Impaired Property
Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

(1) "Your product";
(2) "Your work"; or
(3) "Impaired property";

if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

…

SECTION II – WHO IS AN INSURED
1. Except for liability arising out of the ownership, maintenance, or use of "covered autos":
a. If you are designated in the Declarations as:

…

(4) An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

…

SECTION V – DEFINITIONS

…

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

…

17. "Products-completed operations hazard":
a. Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

(1) Products that are still in your physical possession; or

12

(2) Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

(a) When all of the work called for in your contract has been completed.

(b) When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

(c) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project. Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

…

18. "Property damage" means:

a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

…

27. "Your product":

a. Means:

(1) Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

(a) You;

(b) Others trading under your name; or

(c) A person or organization whose business or assets you have acquired; and

(2) Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

b. Includes:

(1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

(2) The providing of or failure to provide warnings or instructions.

c. Does not include vending machines or other property rented to or located for the use of others but not sold.

28. "Your work":

a. Means:

(1) Work or operations performed by you or on your behalf; and

(2) Materials, parts or equipment furnished in connection with such work or operations.

b. Includes:

(1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work",

13

and

(2) The providing of or failure to provide warnings or instructions.

40. None of the allegations alleged by Poipu Point in the Underlying Suit constitute an "occurrence" as that term is defined by the 2012 Umbrella Policy.

41. The damages alleged by Poipu Point with respect to the windows constitute "property damage" as that term is defined by the 2012 Umbrella Policy.

42. The damages alleged by Poipu Point with respect to the windows arise out of Arcadia Architectural Products, Inc.'s work or operations.

43. The damages alleged by Poipu Point with respect to the windows arise out of loss, cost or expense in connection with the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of Arcadia Architectural Product, Inc.'s product or work.

44. The damages alleged by Poipu Point with respect to the windows arise out of a defect, deficiency, inadequacy or dangerous condition in Arcadia Architectural Product Inc.'s product or work.

45. The damages alleged by Poipu Point with respect to the windows arise out of a delay or failure by Arcadia Architectural Products, Inc.'s to perform a contract or agreement in accordance with its terms.

46. The damages alleged by Poipu Point with respect to the windows arise out of loss, cost or expense in connection with the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of Impaired Property as that term is defined by the 2012 Umbrella Policy.

14

47. Arcadia, Inc. is not identified as a named insured under the 2012 Umbrella Policy.

48. Arcadia, Inc. does not qualify as an insured under the 2012 Umbrella Policy.

49. The Hanover Insurance Company has no obligation under the 2012 Umbrella Policy to defend Arcadia Inc. with respect to the Underlying Lawsuit.

50. The Hanover Insurance Company has no obligation under the 2012 Umbrella Policy to indemnify Arcadia, Inc. with respect to the Underlying Lawsuit.

51. The Hanover Insurance Company has no obligation under the 2012 Umbrella Policy to defend Arcadia Architectural Products, Inc. with respect to claims against it arising out of the manufacture and supply of window units at the Project, including the Underlying Lawsuit.

52. The Hanover Insurance Company has no obligation under the 2012 Umbrella Policy to indemnify Arcadia Architectural Products, Inc. with respect to claims against it arising out of the manufacture and supply of window units at the Project, including the Underlying Lawsuit.

## COUNT III – DECLARATORY JUDGMENT (MASSACHUSETTS BAY INSURANCE COMPANY AS TO DEFENDANTS ARCADIA ARCHITECTURAL PRODUCTS, INC. & ARCADIA INC. RE: 2013 POLICY)

53. Massachusetts Bay Insurance Company issued a policy of insurance to Arcadia Architectural Products Inc. bearing policy number ZDE 8895718 03 (hereinafter "2013 Policy") with an effective policy period from 10/9/2013 to 10/9/2014.

54. The 2013 Policy was negotiated and executed in Connecticut.

15

55. The 2013 Policy provides, in relevant part, the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

…
SECTION I- COVERAGES

COVERAGE A BODILY INJURY AND PROERTY DAMAGE
1. Insuring Agreement
a. We will pay those sums that the insured becomes legally
obligated to pay as damages because of…"property
damage" to which this insurance applies.

…
b. This insurance applies to … "property damage" only if:
(1) The… "property damage" is caused by an "occurrence"
that takes place in the "coverage territory";
(2) The… "property damage occurs during the policy period;
and
(3) Prior to the policy period, no insured listed under
Paragraph 1. Of Section II-Who Is An Insured and no
"employee" authorized by you to give or receive notice of an
"occurrence" or claim, knew that the… "property damage"
had occurred, in whole or in part. If such a listed insured or
authorized "employee" knew, prior to the policy period, that
the…. "property damage" had occurred, then any
continuation, change or resumption of such … "property
damage" during or after the policy period will be deemed to
have been known prior to the policy period.

…
d. "Bodily injury" or "property damage" will be deemed to
have been known to have occurred at the earliest time when
any insured listed under Paragraph 1. of Section II – Who Is
An Insured or any "employee" authorized by you to give or
receive notice of an "occurrence" or claim:

…
(3) Becomes aware by any other means that "bodily injury"
or "property damage" has occurred or has begun to occur.

56. Prior to October 9, 2013, Arcadia Architectural Products, Inc. was aware that

property damage had occurred, in whole or in part.

57. Arcadia, Inc. is not identified as a named insured under the 2013 Policy.

16

58. Arcadia, Inc. does not qualify as an insured under the 2013 Policy.

59. Massachusetts Bay Insurance Company has no obligation under the 2013 Policy to defend Arcadia Inc. with respect to the Underlying Lawsuit.

60. Massachusetts Bay Insurance Company has no obligation under the 2013 Policy to indemnify Arcadia, Inc. with respect to the Underlying Lawsuit.

61. Massachusetts Bay Insurance Company has no obligation under the 2013 Policy to defend Arcadia Architectural Products, Inc. with respect to claims against it arising out of the manufacture and supply of window units at the Project, including the Underlying Lawsuit.

62. Massachusetts Bay Insurance Company has no obligation under the 2013 Policy to indemnify Arcadia Architectural Products, Inc. with respect to claims against it arising out of the manufacture and supply of window units at the Project, including the Underlying Lawsuit.

## COUNT IV – DECLARATORY JUDGMENT (THE HANOVER INSURANCE COMPANY AS TO DEFENDANTS ARCADIA ARCHITECTURAL PRODUCTS, INC. & ARCADIA INC. RE: 2013 UMBRELLA POLICY)

63. The Hanover Insurance Company issued a policy of insurance to Arcadia Architectural Products Inc. bearing policy number UHE 8883449 03 (hereinafter "2013 Umbrella Policy") with an effective policy period from 10/9/2013 to 10/9/2014.

64. The 2013 Umbrella Policy was negotiated and executed in Connecticut.

65. The 2013 Umbrella Policy provides, in relevant part"

COMMERCIAL LIABILITY UMBRELLA COVERAGE FORM

17

SECTION I – COVERAGES
COVERAGE A – BODILY INJURY AND PROPERTY
DAMAGE LIABILITY
1. Insuring Agreement
a. We will pay on behalf of the insured the "ultimate net loss" in
excess of the "retained limit" because of "bodily injury" or "property
damage" to which this insurance applies.

…

b. This insurance applies to "bodily injury" and "property damage"
only if:
(1) The "bodily injury" or "property damage" is caused by an
"occurrence" that takes place in the "coverage territory";
(2) The "bodily injury" or "property damage" occurs during the policy
period; and
(3) Prior to the policy period, no insured listed under Paragraph 1. of
Section II – Who Is An Insured and no "employee" authorized by you
to give or receive notice of an "occurrence" or claim, knew that the
"bodily injury" or "property damage" had occurred, in whole or in part.
If such a listed insured or authorized "employee" knew, prior to the
policy period, that the "bodily injury" or "property damage" occurred,
then any continuation, change or resumption of such "bodily injury"
or "property damage" during or after the policy period will be deemed
to have been known prior to the policy period.

…

d. "Bodily injury" or "property damage" will be deemed to have been
known to have occurred at the earliest time when any insured listed
under Paragraph 1. of Section II – Who Is An Insured or any
"employee" authorized by you to give or receive notice of an
"occurrence" or claim:

…

(3) Becomes aware by any other means that "bodily injury" or
"property damage" has occurred or has begun to occur.

66. Prior to October 9, 2013, Arcadia Architectural Products, Inc. was aware that

property damage had occurred, in whole or in part.

67. Arcadia, Inc. is not identified as a named insured under the 2013 Umbrella

Policy.

68. Arcadia, Inc. does not qualify as an insured under the 2013 Umbrella Policy.

69. The Hanover Insurance Company has no obligation under the 2013 Umbrella Policy to defend Arcadia Inc. with respect to the Underlying Lawsuit.

70. The Hanover Insurance Company has no obligation under the 2013 Umbrella Policy to indemnify Arcadia, Inc. with respect to the Underlying Lawsuit.

71. The Hanover Insurance Company has no obligation under the 2013 Umbrella Policy to defend Arcadia Architectural Products, Inc. with respect to claims against it arising out of the manufacture and supply of window units at the Project, including the Underlying Lawsuit.

72. The Hanover Insurance Company has no obligation under the 2013 Umbrella Policy to indemnify Arcadia Architectural Products, Inc. with respect to claims against it arising out of the manufacture and supply of window units at the Project, including the Underlying Lawsuit.

## COUNT V – DECLARATORY JUDGMENT (MASSACHUSETTS BAY INSURANCE COMPANY AS TO DEFENDANTS ARCADIA ARCHITECTURAL PRODUCTS, INC. & ARCADIA INC. RE: 2014 POLICY)

73. Massachusetts Bay Insurance Company issued a policy of insurance to Arcadia Architectural Products Inc. bearing policy number ZDE 8895718 04 (hereinafter "2014 Policy") with an effective policy period from 10/9/2014 to 10/9/2015.

74. The 2014 Policy was negotiated and executed in Connecticut.

75. The 2014 Policy provides, in relevant part, the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

...
SECTION I- COVERAGES

COVERAGE A BODILY INJURY AND PROERTY DAMAGE
1. Insuring Agreement

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of..."property damage" to which this insurance applies.

...
b. This insurance applies to ... "property damage" only if:

(1) The... "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(2) The... "property damage occurs during the policy period; and

(3) Prior to the policy period, no insured listed under Paragraph 1. Of Section II-Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the... "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the.... "property damage" had occurred, then any continuation, change or resumption of such ... "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

...
d. "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

...
(3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

76. Prior to October 9, 2014, Arcadia Architectural Products, Inc. was aware that

property damage had occurred, in whole or in part.

77. Arcadia, Inc. is not identified as a named insured under the 2014 Policy.

78. Arcadia, Inc. does not qualify as an insured under the 2014 Policy.

79. Massachusetts Bay Insurance Company has no obligation under the 2014

Policy to defend Arcadia Inc. with respect to the Underlying Lawsuit.

80. Massachusetts Bay Insurance Company has no obligation under the 2014 Policy to indemnify Arcadia, Inc. with respect to the Underlying Lawsuit.

81. Massachusetts Bay Insurance Company has no obligation under the 2014 Policy to defend Arcadia Architectural Products, Inc. with respect to claims against it arising out of the manufacture and supply of window units at the Project, including the Underlying Lawsuit.

82. Massachusetts Bay Insurance Company has no obligation under the 2014 Policy to indemnify Arcadia Architectural Products, Inc. with respect to claims against it arising out of the manufacture and supply of window units at the Project, including the Underlying Lawsuit.

## COUNT VI – DECLARATORY JUDGMENT (THE HANOVER INSURANCE COMPANY AS TO DEFENDANTS ARCADIA ARCHITECTURAL PRODUCTS, INC. & ARCADIA INC. RE: 2014 UMBRELLA POLICY)

83. The Hanover Insurance Company issued a policy of insurance to Arcadia

Architectural Products Inc. bearing policy number UHE 8883449 04

(hereinafter "2014 Umbrella Policy") with an effective policy period from

10/9/2014 to 10/9/2015.

84. The 2014 Umbrella Policy was negotiated and executed in Connecticut.

85. The 2014 Umbrella Policy provides, in relevant part"

COMMERCIAL LIABILITY UMBRELLA COVERAGE FORM

SECTION I – COVERAGES
COVERAGE A – BODILY INJURY AND PROPERTY
DAMAGE LIABILITY
1. Insuring Agreement
a. We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "bodily injury" or "property damage" to which this insurance applies.

21

…

> b. This insurance applies to "bodily injury" and "property damage" only if:
>
> (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
>
> (2) The "bodily injury" or "property damage" occurs during the policy period; and
>
> (3) Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.
>
> …
>
> d. "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:
>
> …
>
> (3) Becomes aware by any other means that "bodily injury" or "property damage"   has occurred or has begun to occur.

86. Prior to October 9, 2014, Arcadia Architectural Products, Inc. was aware that

property damage had occurred, in whole or in part.

87. Arcadia, Inc. is not identified as a named insured under the 2014 Umbrella

Policy.

88. Arcadia, Inc. does not qualify as an insured under the 2014 Umbrella Policy.

89. The Hanover Insurance Company has no obligation under the 2014 Umbrella

Policy to defend Arcadia Inc. with respect to the Underlying Lawsuit.

90. The Hanover Insurance Company has no obligation under the 2014 Umbrella

Policy to defend Arcadia Architectural Products, Inc. with respect to claims

22

against it arising out of the manufacture and supply of window units at the

Project, including the Underlying Lawsuit.

91. The Hanover Insurance Company has no obligation under the 2014 Umbrella

Policy to indemnify Arcadia Architectural Products, Inc. with respect to claims

against it arising out of the manufacture and supply of window units at the

Project, including the Underlying Lawsuit.

## COUNT VII – DECLARATORY JUDGMENT (MASSACHUSETTS BAY INSURANCE COMPANY AS TO DEFENDANTS ARCADIA ARCHITECTURAL PRODUCTS, INC. & ARCADIA INC. RE: 2015 POLICY)

92. Massachusetts Bay Insurance Company issued a policy of insurance to

Arcadia Architectural Products Inc. bearing policy number ZDE 8895718 05

(hereinafter "2015 Policy") with an effective policy period from 10/9/2015 to

10/9/2016.

93. The 2015 Policy was negotiated and executed in Connecticut.

94. The 2015 Policy provides, in relevant part, the following:

> COMMERCIAL GENERAL LIABILITY COVERAGE FORM
>
> …
> SECTION I- COVERAGES
>
> COVERAGE A BODILY INJURY AND PROERTY DAMAGE
> 1. Insuring Agreement
> a. We will pay those sums that the insured becomes legally
> obligated to pay as damages because of…"property
> damage" to which this insurance applies.
>
> …
> b. This insurance applies to … "property damage" only if:
> (1) The… "property damage" is caused by an "occurrence"
> that takes place in the "coverage territory";

23

> (2) The... "property damage occurs during the policy period; and
>
> (3) Prior to the policy period, no insured listed under Paragraph 1. Of Section II-Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the... "property damage" had occurred, in whole or in part.  If such a listed insured or authorized "employee" knew, prior to the policy period, that the.... "property damage" had occurred, then any continuation, change or resumption of such ... "property damage" during or after the policy period will be deemed to have been known prior to the policy period.
>
> ...
>
> d. "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:
>
> ...
>
> (3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.
>
> ...
>
> d. "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:
>
> ...
>
> (3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

95. Prior to October 9, 2015, Arcadia Architectural Products, Inc. was aware that

property damage had occurred, in whole or in part.

96. Arcadia, Inc. is not identified as a named insured under the 2015 Policy.

97. Arcadia, Inc. does not qualify as an insured under the 2015 Policy.

98. Massachusetts Bay Insurance Company has no obligation under the 2015

Policy to defend Arcadia Inc. with respect to the Underlying Lawsuit.

99. Massachusetts Bay Insurance Company has no obligation under the 2015

Policy to indemnify Arcadia, Inc. with respect to the Underlying Lawsuit.

24

100. Massachusetts Bay Insurance Company has no obligation under the 2015 Policy to defend Arcadia Architectural Products, Inc. with respect to claims against it arising out of the manufacture and supply of window units at the Project, including the Underlying Lawsuit.

101. Massachusetts Bay Insurance Company has no obligation under the 2015 Policy to indemnify Arcadia Architectural Products, Inc. with respect to claims against it arising out of the manufacture and supply of window units at the Project, including the Underlying Lawsuit.

## COUNT VIII – DECLARATORY JUDGMENT (THE HANOVER INSURANCE COMPANY AS TO DEFENDANTS ARCADIA ARCHITECTURAL PRODUCTS, INC. & ARCADIA INC. RE: 2015 UMBRELLA POLICY)

102. The Hanover Insurance Company issued a policy of insurance to Arcadia

Architectural Products Inc. bearing policy number UHE 8883449 05

(hereinafter "2015 Umbrella Policy") with an effective policy period from

10/9/2015 to 10/9/2016.

103. The 2015 Umbrella Policy was negotiated and executed in Connecticut.

104. The 2015 Umbrella Policy provides, in relevant part, the following:

> HANOVER COMMERCIAL FOLLOW FORM EXCESS AND UMBRELLA POLICY
>
> …
> I. INSURING AGREEMENTS
> 1. Coverage A – Follow Form Excess Liability
> Insuring Agreement
> a. We will pay on behalf of the insured those sums in excess of the "underlying insurance" which the insured becomes legally obligated to pay as damages, provided:

25

(1) Such damages are covered by "underlying insurance";

(2) The event which triggers coverage on the "underlying insurance" takes place during the policy period of this insurance, and

(3) The applicable Limit of Insurance of the "underlying insurance" is exhausted by payment of judgments, settlements, related costs or expenses for damages also covered under this policy. We will not pay if the Limit of Insurance of "underlying insurance" is exhausted by payment for damages to which this insurance does not also apply.

…

2. Coverage B – Umbrella Liability Insuring Agreement

a. We will pay on behalf of the insured those sums in excess of the "retained limit" shown in the Declarations which the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage", "personal injury" and "advertising injury" to which this coverage applies, provided:

(1) The:

(a) "Bodily injury" or "property damage" is caused by an "occurrence"; or

…

(2) The "bodily injury" or "property damage" occurs during the policy period...

(3) Prior to the policy period, no insured and no "employee" authorized by you to give or receive notice of an "occurrence", offense or claim, knew that the "bodily injury", "property damage", …" is first committed during our policy period; and

(3) Prior to the policy period, no insured and no "employee" authorized by you to give or receive notice of an "occurrence", offense or claim, knew that the "bodily injury", "property damage", "personal injury" or "advertising injury" had occurred, in whole or in part. If such an insured or authorized "employee" knew, prior to the policy period, that the "bodily injury", "property damage", "personal injury" or "advertising injury" occurred, then any continuation, change or resumption of such "bodily injury", "property damage, "personal injury" or "advertising injury" during or after the policy period will be deemed to have been known prior to the policy period.

…

b. "Bodily injury", "property damage", "personal injury" or "advertising injury" will be deemed to have been known to have occurred at the earliest time when any insured, or any "employee" authorized by you to give or receive notice of an "occurrence", offense or claim:

…

(3) Becomes aware by any other means that "bodily injury", "property damage", "personal injury" or "advertising injury" has occurred or has begun to occur.

…

IX. DEFINITIONS

26

> ...
> 22. "Underlying insurance" means the liability insurance coverage provided under policies shown in the Schedule of Underlying Insurance for the limits and policy periods indicated. It includes any policies issued to replace those policies during the term of this insurance that provide:
> a. At least the same limits of liability or limits of insurance; and
> b. The same hazards insured against, except as modified by general program revisions or as agreed to by us in writing.

105. Prior to October 9, 2015, Arcadia Architectural Products, Inc. was aware that property damage had occurred, in whole or in part.

106. The damages alleged by Poipu Point against Arcadia, Inc. in the Underlying Action are not covered by "underlying insurance" as that term is defined by the 2015 Umbrella Policy.

107. The applicable limit of insurance of the "underlying insurance" as that term is defined by the 2015 Umbrella Policy has not been exhausted.

108. Arcadia, Inc. is not identified as a named insured under the 2015 Umbrella Policy.

109. Arcadia, Inc. does not qualify as an insured under the 2015 Umbrella Policy.

110. The Hanover Insurance Company has no obligation under the 2015 Umbrella Policy to defend Arcadia Inc. with respect to the Underlying Lawsuit.

111. The Hanover Insurance Company has no obligation under the 2015 Umbrella Policy to indemnify Arcadia, Inc. with respect to the Underlying Lawsuit.

112. The Hanover Insurance Company has no obligation under the 2015 Umbrella Policy to defend Arcadia Architectural Products, Inc. with respect to

claims against it arising out of the manufacture and supply of window units at the Project, including the Underlying Lawsuit.

113. The Hanover Insurance Company has no obligation under the 2015 Umbrella Policy to indemnify Arcadia Architectural Products, Inc. with respect to claims against it arising out of the manufacture and supply of window units at the Project, including the Underlying Lawsuit.

## PRAYER FOR RELIEF

Plaintiffs demand a declaratory judgment by this Court against the defendants declaring the following:

1. Massachusetts Bay Insurance Company has no obligation under any policy to defend Arcadia, Inc., with respect to the claims made against it by Poipu Point in the Underlying Action.

2. Massachusetts Bay Insurance Company has no obligation under any policy to indemnify Arcadia, Inc. with respect to the claims made against it by Poipu Point in the Underlying Action.

3. Massachusetts Bay Insurance Company has no obligation under any policy to defend Arcadia Architectural Products, Inc. with respect to claims against it arising out of the manufacture and supply of window units at the Project, including the Underlying Lawsuit.

28

4. Massachusetts Bay Insurance Company has no obligation under any policy to indemnify Arcadia Architectural Products, Inc. with respect to claims against it arising out of the manufacture and supply of window units at the Project, including the Underlying Lawsuit.

5. The Hanover Insurance Company has no obligation under any Policy to defend Arcadia, Inc. with respect to the claims made against it by Poipu Point in the Underlying Action.

6. The Hanover Insurance Company has no obligation under any Policy to indemnify Arcadia, Inc. with respect to the claims made against it by Poipu Point in the Underlying Action.

7. The Hanover Insurance Company has no obligation under any policy to defend Arcadia Architectural Products, Inc. with respect to claims against it arising out of the manufacture and supply of window units at the Project, including the Underlying Lawsuit.

8. The Hanover Insurance Company has no obligation under any policy to indemnify Arcadia Architectural Products, Inc. with respect to claims against it arising out of the manufacture and supply of window units at the Project, including the Underlying Lawsuit.

**Dated:** December 18, 2019

29

THE PLAINTIFFS,
MASSACHUSETTS BAY
INSURANCE COMPANY
THE HANOVER
INSURANCE COMPANY

By: _____

Christopher P. Williams
Fed. Bar No. ct28876
Tara F. Racicot
Fed Bar No. ct30619
Conway Stoughton LLC
641 Farmington Avenue
Hartford, CT 06105
(860) 523-8000 (p)
(860) 523-8002 (f)
cwilliams@conwaystoughton.com
tracicot@conwaystoughton.com